SHAW, Judge,
dissenting.
The claimant suffered a compensable injury when a mirror broke resulting in injury to two fingers. He missed several weeks from work but was paid by the employer during this time, and there is no claim for temporary benefits. Claim was made for permanent partial benefits over and above the 30% of the right middle finger voluntarily accepted by the employer/carrier, future medical bills, transportation expenses, drug expenses, penalties, costs, interest and attorney’s fees.
The deputy commissioner found a 20% permanent partial disability of the hand and ordered the employer/carrier to furnish the claimant future medical care in the person of Dr. Philip George.
Dr. George performed corrective surgery on the middle finger (also referred to as the long or third finger). Due to a mistake in his office notes the doctor initially testified that surgery was performed on the fourth, or ring finger. This was later corrected under cross-examination, but the initial *820 misstatement was picked up by the deputy and he erroneously found that the doctor had put a splint thickness skin graft on the fourth finger, repaired the tendon on the long finger, and inserted a metal pin in the ring finger to stabilize the end joint in the area where the extensor tendon was lost. It is clear to me that the deputy misunderstood Dr. George’s testimony and was laboring under the mistaken impression that the doctor performed surgery on two fingers. This is borne out by the deputy’s further finding that “Dr. George noted that the claimant still had numbness distally on the ring finger in the area which was grafted.” This misunderstanding of the medical evidence is critical to a determination of whether the claimant sustained a permanent scheduled injury to a finger as opposed to the hand. Little River Bank & Trust Co. v. Neal, 154 So.2d 809 (Fla.1963).
In light of such a critical misunderstanding by the deputy I would reverse Point 1 and remand the cause for a reconsideration of the medical evidence and the entry of an order granting permanent benefits consistent therewith. I would affirm the award of medical treatment under Dr. Philip George.